# Frederick M. Kantzler
## v.
## The People, use, etc.

1. Constable—Failure to return execution—Action on bond. —To create a legal liability under the statute against a constable on his bond, for a failure to return an execution, there must be a valid execution, and it is incumbent on the party to produce the execution, or show its contents, after preliminary proof of its loss.

2. Void execution.—If the writ is void, the constable is not bound to obey it, and is under no legal obligation to return it.

3. Proof of lost execution.—In this case the proof fails to show that a valid execution was issued. Evidence that a paper purporting to be an execution was issued, and testimony of the justice that if he issued the paper it must have been in the usual form, and if in the usual form it must have been a valid execution, without any statement of its contents, is insufficient to show a valid execution.

Appeal from the Superior Court of Cook county; the Hon. R. S. Williamson, Judge, presiding. Opinion filed November 29, 1882.

This is an appeal from a judgment rendered in the Superior Court of Cook county, in an action of debt against appellant as surety on a constable's bond. The condition of the bond was to the effect that if the principal, Maddocks, should faithfully discharge the duties of his office as constable, and justly and fairly account for all moneys that might come into his hands under any process or otherwise by virtue of his office, then the obligation was to be void.

The breach assigned is that Holmes et al., on the 8th day of May, 1879, before Redmond Sheridan, a justice of the peace, recovered a judgment against the Triumph Planing Machine Company, for $79.40 damages and $2.10 costs of suit; that an execution against the goods and chattels of the company, returnable in seventy days, was duly issued on said judgment and placed in the hands of Maddocks, as such constable, to be executed; that although said company had property out of which said execution might have been satisfied, Maddocks did not make the money, nor did he return the writ as required by law.

On the trial before the court without a jury, the proof was as follows:

The plaintiff read in evidence admissions of Kantzler in words following:

1. Defendant admits the bond as described.

2. On May 8, 1879, Holmes, Pyott & Co. (Edward B. Holmes, James M. Pyott and David Pyott) recovered before Sheridan, a West Side justice, a judgment for $79.40, and $2.10 costs against the Triumph Planing Machine Company.

3. Said justice's books contain a memorandum as follows: "May 8, 1879, on oath of, etc., by plaintiff's attorney, execution issued to Constable Maddocks." But Kantzler does not admit anything touching the form or contents of the paper then given to Maddocks as mentioned in said entry.

4. Such paper was never returned by Maddocks to the justice, but was lost.

Justice Sheridan testified, that according to his habit at the time, he must himself have made out the paper spoken of in the 3d paragraph; that he had no personal recollection of the entry quoted from his records; that assuming the quotation to be correct, he had no doubt that the paper mentioned was in the usual form, so made out and executed as to constitute the same a legal and valid execution. He further said he had no recollection whatever of the paper in question, but if the entry quoted was contained in the records of his office, then the contents of the paper must have been such as to make it a valid execution.

With the exception of some further admissions to the effect that under the paper claimed to be an execution, Maddocks had seized and sold certain machinery belonging to the Planing Machine Company, realizing a small amount, the foregoing was all the evidence in the case.

The competency of most of the facts admitted was denied by the defendant, and the testimony of Justice Sheridan was also objected to by the defendant as incompetent and immaterial, and exceptions duly taken to the ruling of the court in admitting them, and also to the overruling the motion for a new trial.

The record contains the usual assignment of errors.

Mr. JOHN W. SHOWALTER, for appellant; that the court can not give judgment for a penalty unless it appears that the claimant has chosen to sue for the penalty, cited 1 Chitty's Pl. 373.

No damage resulted from the loss of the writ, as an alias might be issued: Herman on Executions, 387.

There was no proof that a valid execution had issued: Putnam v. Traeger, 66 Ill. 90.

Mr. NORMAN A. MILLARD, for appellee; as to the right to recover, cited Rev. Stat. Chap. 79, § 121; Robertson v. County Com'rs, 5 Gilm, 560; County of Calhoun v. Buck, 27 Ill. 443.

The bar of the statute of limitations must be specially pleaded: Gerhart v. Adams, 23 Ill. 397; Burnap v. Wright, 14 Ill. 303; Johnson v. United States, 3 McLean, 89; Borders v. Murphy, 78 Ill. 81; Bruce v. Doolittle, 81 Ill. 103.

WILSON, J. The liability of the obligors in the bond in suit is claimed by virtue of section 121 of the act concerning justices and constables. That section provides that "If any constable shall fail or neglect to return an execution within ten days after its proper return day, or if the demand, debt or claim be wholly or in part lost, or if any special damage shall arise to any party by reason of the neglect or refusal to act, or the misfeasance or nonfeasance of any constable in the discharge of any official duty, the party aggrieved may have his action in any court of competent jurisdiction, against such constable and his sureties, on the official bond of such constable, and shall recover thereon the amount of said execution and costs, with interest from the date of the judgment upon which the original execution issued."

To create a legal liability there must be a valid execution. It is incumbent on the party suing, to make out his case, and to do this he must produce the execution or show its contents after preliminary proof of its loss, or inability to obtain it. Without an examination of the execution or knowledge of its contents, its validity can not be determined. If the writ is void, the constable is not bound to obey it, and has

no right to levy on property by virtue of it, nor is he under any legal obligation to return it. Putnam v. Traeger, 66 Ill. 90.

Here no execution was offered in evidence, and we are of opinion that the proof fails to show that any valid execution was issued. The most that can be claimed for the evidence relied on to show the issuing of an execution, is that a paper purporting to be an execution was made out and came into the hands of the constable, under which he seized and sold some of the property of the Planing Machine Company. All this may have happened under an execution which was void, and which would be seen to be so if the execution were produced for inspection, or its contents shown.

Justice Sheridan testified that he had no recollection of the execution in question, but that if he issued one, as shown by his docket, it must have been in the usual form, and if in the usual form, it must have been a valid execution. But he does not attempt to state its contents, nor as to the contents of an execution made out in what he calls the usual form. In short, there was no evidence as to its contents. His opinion that it was a valid execution can not be substituted for the judgment of the court, upon an inspection of its contents. The case falls directly within Putnam v. Traeger, *supra*.

The judgment of the court below must be reversed, and the cause remanded for a new trial.

Reversed and remanded.